FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2011 OCT 25  PM 1: 38

CASE NO:

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

OCCUPY FORT MYERS, CINDY
BANYAI, STEPHANIE DARST,
CHRISTOPHER FAULKNER, F. FRANK
GUBASTA, ZACHARY KUHN, HILARY
MAINS, MATT MCDOWELL, MICHELLE
MEYER, LUIS OSPINA, RYAN POGUE,
FRANK PRATT, MARLENE ROBINSON,
and JUSTIN VALO,

2:11-cv-608-FtM-29DNF

Plaintiffs,

v.

CITY OF FORT MYERS,

Defendant.
_____/

## PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiffs Occupy Fort Myers, Cindy Banyai, Stephanie Darst, Christopher Faulkner, F. Frank Gubasta, Zachary Kuhn, Hilary Mains, Matt McDowell, Michelle Meyer, Luis Ospina, Ryan Pogue, Frank Pratt, Marlene Robinson and Justin Valo, hereby move this Court for an order, pursuant to *Fed. R. Civ. P. 65* and *M.D. Loc. R. 4.05*, restraining Defendant City of Fort Myers from enforcing City Code 58-153 to 58-156 against Plaintiffs or other members of Occupy Fort Myers ("OFM") by issuing criminal citations or imposing other penalties for their expressive conduct in Centennial Park. The motion is made based on the following grounds:

1. Plaintiffs seek a Temporary Restraining Order for the reasons set forth in the concurrently filed Verified Complaint and Memorandum of Law in Support of Plaintiffs'

Application for a Temporary Restraining Order and Preliminary Injunction, and attached Declarations and Exhibits. Specially, Plaintiffs, and other members of OFM, are suffering immediate, irreparable harm since they began receiving criminal citations, in the amount of $135.00 each, for every evening or morning that they were peacefully participating in symbolic political speech in Centennial Park, Fort Myers, Florida. Furthermore, on October 24, 2010, the City of Fort Myers City Council has indicated a desire and willingness to "bring the protests to an end." *See* "Fort Myers City Council Addresses Occupy Fort Myers," Wink News, Oct. 24, 2010, *available at* http://www.winknews.com/Local-Florida/2011-10-24/Fort-Myers-city-council-addresses-Occupy-Ft-Myers. Plaintiffs fear physical arrest is imminent, for engaging in constitutionally-protected speech and conduct.

2. Pursuant to *M.D. Loc. R. 4.05(a)*, Plaintiffs respectfully request that the Court enter an Order restraining Defendant City of Fort Myers, its officers, agents, servants or employees, from issuing criminal citations to Plaintiffs or other members of OFM, or for commencing arrests, for a period of fourteen (14) days, or until such time as this Court may hear Plaintiffs' Motion for Preliminary Injunction. It is necessary for the Court to issue a Temporary Restraining Order because of the imminent threat to First Amendment rights. Plaintiffs seek to engage in lawful expressive activities in Centennial Park in Fort Myers, Florida.

3. Plaintiffs' past, present and anticipated expressive activities fall squarely within the City of Fort Myer's unlawful permit scheme, and resolution by this Court as to the propriety of the subject prior restraint is essential. Without review and decision by this Court, Plaintiffs and others who intend to join with them in lawful protest will suffer immediate and irreparable injury to their First Amendment rights. Plaintiffs, and others who may intend to join them in

lawful protest, are currently being issued daily citations in the amount of $135.00 each. At least one Plaintiff currently faces citations totaling over $1,000.00.

4. Plaintiffs request that the Court waive any requirement to post bond pursuant to Rule 65(c). The Court has discretion to grant this request. *See Complete Angler, LLC v. City of Clearwater, Fla.*, 607 F. Supp. 2d 1326, 1335 (M.D. Fla. 2009); *All States Humane Game Fowl Org., Inc. v. City of Jacksonville, Fla.*, No. 3:08-cv-312-J-33MCR, 2008 WL 2949442, at *13 (M.D. Fla. July 29, 2008); *Campos v. INS*, 70 F.Supp.2d 1296, 1310 (S.D. Fla. 1998). Public interest litigation is a recognized exception to the Rule 65 security requirement. *Daniels v. School Bd. of Brevard County*, 985 F.Supp. 1458, 1462 (M.D. Fla. 1997); *see also City of Atlanta v. Metro Atlanta Rapid Transit*, 636 F.2d 1084, 1094 (5th Cir. 1981). Waiver of a bond is proper where plaintiffs seek to vindicate federal statutory or constitutional rights. *Campos*, 70 F.Supp.2d at 1310; *McCormack v. Township of Clinton*, 872 F.Supp. 1320, 1328 (D.N.J. 1994).

WHEREFORE, Plaintiffs ask the Court to issue a Temporary Restraining Order against Defendant City of Fort Myers from enforcing City Code Sec. 58-153 to 58.156, or for otherwise attempting to bring an involuntary end to the peaceful protest in Centennial Park, for a period of fourteen (14) days, or until such time as this Court can hear Plaintiffs' Motion for Preliminary Injunction. Plaintiffs ask the Court to waive the bond requirement in the public interest.

Dated: October 25, 2011

_/s/ Jennifer Lucas Keesler_
Jennifer Lucas Keesler
FBN 67374
1136 NE Pine Island Rd., Suite 77
Cape Coral, FL 33991
Tel: (239) 240-5057
Jennifer@keeslerlaw.com