UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OCCUPY FORT MYERS, CINDY BANYAI, STEPHANIE DARST, CHRISTOPHER FAULKNER, F. FRANK GUBASTA, ZACHARY KUHN, HILARY MAINS, MATT McDOWELL, MICHELLE MEYER, LUIS OSPINA, RYAN POGUE, FRANK PRATT, MARLENE ROBINSON, and JUSTIN VALO,

Plaintiff,

vs. Case No. 2:11-cv-00608-FtM-29DNF

CITY OF FORT MYERS,

Defendant.
___________________________________/

**ORDER**

This matter comes before the Court on Plaintiffs' Emergency Motion for a Temporary Restraining Order (Doc. #3) filed on October 25, 2011. Plaintiffs seek to restrain the defendant, the City of Fort Myers ("defendant"), from enforcing Fort Myers City Ordinances 58-153 through 58-156 against plaintiffs or other members of Occupy Fort Myers and issuing criminal citations or imposing other penalties for their expressive conduct in Centennial Park. Plaintiffs seek the issuance of a Temporary Restraining Order for fourteen (14) days or until the Court hears plaintiff's pending Motion for Preliminary Injunction (Doc. # 4.) Contrary to the Local Rules, plaintiffs did not file a memorandum in support of their motion, but instead attached a proposed Order and Reasons to

the motion. (See Doc. # 3-1.) The Court will, however, construe the proposed Order and Reasons as plaintiffs' legal memorandum.

The Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida authorize a court to issue a temporary restraining order without written or oral notice to the adverse party under certain limited circumstances. Fed. R. Civ. P. 65(b); M.D. Fla. R. 4.05. A temporary restraining order may enter without notice only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiffs' attorney has made no effort to comply with the certification requirement. Furthermore, the Complaint demonstrates that Occupy Fort Myers and the City of Fort Myers have been in constant communication with one another, which suggests that plaintiffs had the ability to both give notice and properly serve defendant. (See e.g., Doc. # 1, ¶¶ 25-30.) Because the motion is deficient under Fed. R. Civ. P. 65(b)(1), the Court will deny the restraining order.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Emergency Motion for a Temporary Restraining Order (Doc. #3) is **DENIED.** The motion for a preliminary injunction will remain **under advisement** pending proper service of process on defendant.

2. Plaintiffs shall file proof of service with the court, at which time the court will review the pending motion for preliminary injunction.

**DONE AND ORDERED** at Fort Myers, Florida, this 26th day of October, 2011.

John E. Steele

**JOHN E. STEELE**
**United States District Judge**

Copies: Counsel of record