UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO: 2:11-CV-00608-JES/DNF

**OCCUPY FORT MYERS, CINDY
BANYAN, STEPHANIE DART,
CHRISTOPHER FAULKNER, F. FRANK
GUBASTA, ZACHARY KUHN, HILARY
MAINS, MATT MCDOWELL, MICHELLE
MEYER, LUIS OSPINA, RYAN POGUE,
FRANK PRATT, MARLENE ROBINSON,
and JUSTIN VALO,**

        **Plaintiffs,**

v.

**CITY OF FORT MYERS,**

        **Defendant.**
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT CITY OF FORT MYERS'
AFFIRMATIVE DEFENSES,
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs hereby submit their Motion to Strike Affirmative Defenses from Defendant City of Fort Myers' Answer and Affirmative Defenses [D.E. 53], and in support of said application state the following:

**PROCEDURAL HISTORY**

    1. The Complaint in this action was filed on October 25, 2011 [D.E. 1].

    2. On November 21, 2011, the Plaintiffs filed their Amended Complaint [D.E. 49].

3. On December 5, 2011, Defendant City of Fort Myers served its Answer and Affirmative Defenses on Plaintiffs [D.E. 53].

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

4. Defendant City of Fort Myers included fourteen (14) affirmative defenses in their Answer and Affirmative Defenses [D.E. 53].

5. The Plaintiffs seek to strike Affirmative Defenses numbers 5, 8 and 10 as insufficient as a matter of law pursuant to *Fed. R. Civ. P.* 12(f), as the affirmative defenses are redundant, immaterial, impertinent or scandalous.

6. The Plaintiffs seek to strike Affirmative Defenses numbers 1, 3 as insufficient as they do not comport with the requirements of *Fed. R. Civ. P.* 8(a), whereby Defendant's affirmative defenses do not include a short and plain statement of facts providing fair notice to Plaintiffs of the grounds supporting Defendants' defenses, and the defenses are conclusory in nature.

**SPECIFIC OBJECTIONS TO DEFENSES**

7. Plaintiffs object to Defendant's affirmative defense No. 1 as Defendant does not specify any negligent and/or wrongful acts committed by Plaintiffs or how any actions by Plaintiffs contributed to their injuries.

8. Plaintiffs object to Defendant's affirmative defense No. 3 as Defendant does not specify which privileges or immunities shield Defendant from liability.

9. Plaintiffs object to Defendant's affirmative defense No. 5 as Defendants have failed to identify which claims are deficient or to mention any facts whatsoever to support their defense that such claims are deficient.

10. Plaintiffs object to Defendant's affirmative defense No. 8 as Plaintiffs are not obligated to seek a permit under an unconstitutional permitting scheme.

11. Plaintiffs object to Defendant's affirmative defense No. 10 as a municipality is neither the state nor state agency as defined *Fla. Stat. Ch.* 11.

**LEGAL STANDARD**

*Fed. R. Civ. P. 12(f)* allows the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Although motions to strike are generally disfavored in federal court, *see Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1417 (M.D. Fla. 1989), Courts have broad discretion to strike any affirmative defense if it is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computer and Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

**DEFENDANT'S AFFIRMATIVE DEFENSES NUMBERS 5, 8 AND 10 ARE INSUFFICIENT AS A MATTER OF LAW UNDER *FED. R. CIV. P.* 12(f)**

"A defense is insufficient as a matter of law if . . . it is patently frivolous or if it is clearly invalid as a matter of law." *Microsoft Corp.*, 211 F.R.D. at 693. Any defense that is invalid as a matter of law will be stricken. *Id.*   Defendant's affirmative defense number 5 states that Plaintiffs have failed to state a claim upon which relief could be granted pursuant

to *Fed. R. Civ. P. 12(b)(1)*. Failure to state a claim is legally insufficient and is not properly asserted as an affirmative defense. *See Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F.Supp.2d, 1283, 1291 (S.D. Fla. 2007). Defendant's 5th affirmative defense should be stricken.

Defendant's affirmative defense number 8 states that Plaintiffs did not exhaust their administrative remedies. Individuals are in no way obligated to seek a permit under an unconstitutional ordinance scheme. *See City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 755-56 (1988). Defendant's 8th affirmative defense should be stricken.

Defendant's affirmative defense number 10 cites *Fla. Stat. § 11.066(2)* as its defense. The immunity granted in this statute is for the state and stage agencies. Municipalities are not defined as either a state or state agency in *Fla. Stat. Ch.* 11. *See Fla. Stat. § 11.45(1)(j)* defining "state agency," and *Fla. Stat. § 11.45(1)(I)* including cities within the definition of a "political subdivision." Defendant's 10th affirmative defense should be stricken.

**DEFENDANT'S AFFIRMATIVE DEFENSES NUMBERS 1 AND 3 ARE BAREBONES ALLEGATIONS AND DO NOT COMPORT WITH THE PLEADING REQUIREMENTS OF *FED. R. CIV. P.* 8(a)**

Affirmative defenses are to comply with the general pleading requirements of Fed. R. Civ. P. 8(a) which requires a 'short and plain statement' of the asserted defense. *See Microsoft Corp. v. Jesse's Computer and Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) The *Federal Rules* do not require detailed factual allegations, but must provide the plaintiff with fair notice of the grounds upon which each defense rests. *Id*. *See also Florida Business*

*Brokers Ass'n, Inc. v. Williams*, 2009 WL 3028311 at *1 (M.D. Fla. 2009) (holding that affirmative defenses that fail to include facts that suggest plausibility are properly stricken). Defendant's affirmative defense no. 1 claims that "any and injuries suffered by Plaintiffs were caused in whole or in part by reason of Plaintiffs' negligent and/or wrongful acts." Defendant does not specify any negligent and/or wrongful acts committed by Plaintiffs or how any actions by Plaintiffs contributed to their injuries. Since Defendant's 1st affirmative defense does not place Plaintiffs' on notice of the allegations against them, the affirmative defense should be stricken.

Defendant's affirmative defense no. 3 claims that "Defendant is entitled to the privileges and governmental immunities under the Florida Statutes." However, Defendant does not identify what, if any, privileges or immunities shield them from liability. Since Defendant's 3rd affirmative defense does not place Plaintiffs' on fair notice of the defense asserted, the affirmative defense should be stricken.

**CONCLUSION**

**WHEREFORE**, based on the grounds detailed hereinabove, Plaintiffs hereby seek the entry of an Order Striking the Defendant City of Fort Myers' Affirmative Defenses, numbers 1, 3, 5, 8 and 10.

DATED: December 29, 2011

<u>/s/Jennifer Lucas Keesler</u>

JENNIFER LUCAS KEESLER
Fla. Bar No.  67374
Attorney for Plaintiffs
1136 NE Pine Island Rd., Suite 77
Cape Coral, FL 33909
239.240.5057

Jennifer@keeslerlaw.com

## **CERTIFICATE OF PRE-FILING CONFERENCE**

I HEREBY CERTIFY that I attempted to confer with the opposing party concerning the instant motion as follows: On December 20, 2011, I sent Grant Alley, attorney for Defendant City of Fort Myers, a memorandum outlining the claimed deficiencies in the affirmative defenses. On December 22, 2011, during the Case Management Conference, Mr. Alley indicated that the City generally disagrees with the Plaintiffs' claimed deficiencies, but that the City was conducting additional research. On December 28, 2011, I followed up with Mr. Alley via email to confirm whether the City's research was completed, and if the City would amend any of the affirmative defenses. The City has not responded as of this time.

s/Jennifer L. Keesler
JENNIFER L. KEESLER

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of December, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/ Jennifer Lucas Keesler
**JENNIFER LUCAS KEESLER**

**SERVICE LIST**

Grant Alley
galley@cityftmyers.gov
Mark Moriarity
mmoriarty@cityftmyers.gov
Fort Myers City Attorney's Office
2200 Second Street
Fort Myers, FL 33901
Tel: (239) 321-7052
For Defendant City of Fort Myers
*via CM/ECF Electronic Delivery*